UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Kim Purnell,

          Plaintiff,

vs.

Andrew T. Scott, *Probation Agent,* *individually and officially*;
South Carolina Dept. of Probation, Parole, and Pardon Services, *individually and officially*,

          Defendants.

C/A No. 6:13-2570-RBH-KFM

**Report and Recommendation**

## Background of this Case

Plaintiff is confined at the Greenville County Detention Center in Greenville, South Carolina. Plaintiff states that he is a resident of the State of Georgia. In the above-captioned case, Plaintiff has brought suit against a probation agent (probation officer) and the South Carolina Department of Probation, Parole & Pardon Services.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's arrest and extradition for failure to comply with terms of his community supervision after his release from the South Carolina Department of Corrections in 2012. In his answers on page 2 of the Complaint, Plaintiff indicates that he has been subjected to false imprisonment, illegal search and seizure, criminal kidnapping, and "Failure to Train Agents[.]" (ECF No. 1 at 2). Plaintiff alleges: (1) he pled guilty and, pursuant to the plea agreement, received a "straight" sentence of seven

years; (2) he entered the plea agreement "being a resident" of Atlanta, Georgia; (3) there was no mention of community supervision in the plea agreement; (4) there are no special conditions, such as community supervision, in the Judgment and Committal signed by Judge G. Thomas Cooper, Jr.; (5) in the Judgment and Committal signed by Judge Cooper, there are no special conditions, "such as that which would require the Plaintiff to have to relocate in South Carolina, to comply with any community supervision program[;]" (6) he was not given "fair warning" that he would be subject to serving "this additional sentence" in the State of South Carolina; (7) on June 27, 2012, he was asked but refused to sign a community supervision certificate because he was not sentenced to serve any community supervision and he was not told, at the guilty plea and sentencing hearing, that community supervision would be required; (8) on September 17, 2012, Agent Scott "swore out" an affidavit stating that Plaintiff had violated the terms of his community supervision by absconding supervision, being $200 in arrears, by never reporting, and by failing to advise the agent of Plaintiff's residence; (9) on June 6, 2013, he was "detained" by law enforcement authorities in Atlanta, Georgia, on a fugitive warrant from South Carolina; and (10) he was transported to South Carolina on June 21, 2013, where a magistrate set a $30,000 bond for violation of community supervision (ECF No. 1 at 3–4).

In the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff contends: (1) his confinement violates his civil rights: (2) his confinement violates his Fourth Amendment rights against unreasonable search and seizure; (3) his confinement is cruel and unusual punishment and violates Due Process and Equal Protection; (4) the South Carolina Department of Probation, Parole & Pardon Services "failed to train its employees in order to 'detect by investigation,' whether this Plaintiff could be exposed to a post-

sentence supervision for which the judgment in a criminal case failed to impose[;]" and (5) Plaintiff was "criminally kidnapped" and has been "falsely imprisoned" since June 6, 2013 (ECF No. 1 at 4). In his prayer for relief, Plaintiff seeks a court finding that he is being confined unlawfully and that Defendants are responsible for his injuries. Plaintiff also seeks $2,500,000 in actual damages from each Defendant, $10,000,000 in punitive damages, other relief deemed just and proper by this Court, and a jury trial (ECF No. 1 at 5).

Various exhibits (ECF No. 1-1) are appended to the Complaint. Those exhibits include Agent Scott's affidavit of September 12, 2012 (ECF No. 1-1 at 1), the arrest warrant for Plaintiff (*Id.* at 2); the Community Supervision Program Certificate that Plaintiff refused to sign on June 27, 2012 (*Id.* at 3); the sentencing sheet signed by Judge G. Thomas Cooper, Jr., on August 7, 2006 (*Id.* at 4); a "RELEASE DATE SCREEN" from the South Carolina Department of Corrections (*Id.* at 5); a classification summary from the South Carolina Department of Corrections dated October 27, 2006 (*Id.* at 6); a court reporter's transcript of Plaintiff's guilty plea proceedings on August 7, 2006 (*Id.* at 7–16); and a "CHECKLIST" in a bail or bond proceeding dated June 21, 2013 (*Id.* at 17).

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se*

complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Participation in community supervision is a mandatory condition of release for most South Carolina prisoners convicted of a "no parole" offense. *See State v. McGrier*, 663 S.E.2d 15, 18–21 (S.C. 2008); and S.C. Code Ann. § 24-21-560(A) (Westlaw 2013), which provides that, except in the case of prisoners sentenced to death or life imprisonment, "any sentence for a 'no parole offense' as defined in Section 24-13-100 must include any term of incarceration and completion of a community supervision program operated by the Department of Probation, Parole and Pardon Services." Plaintiff pled guilty to trafficking in cocaine, which is a "no parole" offense. S.C. Code. Ann. § 24-13-100. Persons convicted of a no parole offense are subject to two years of community supervision. *Id.* § 24-21-560(B) ("A community supervision program operated by the Department of Probation, Parole and Pardon Services must last no more than two continuous years. The period of time a prisoner is required to participate in a community supervision program and the individual terms and conditions of a prisoner's participation shall be at the discretion of the department based upon guidelines developed by the director[.]").

Although Plaintiff contends that he was not given "fair warning" of community supervision, it was not necessary for Judge Cooper to apprise Plaintiff of community supervision because participation in the Community Supervision Program was mandatory under S.C. Code Ann. § 24-21-560(A). As a result, Plaintiff is, in effect, challenging his guilty plea proceeding on August 7, 2006.

Since Plaintiff is challenging the guilty plea and sentence imposed on August 7, 2006, this case is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which also applies to probation and parole violation proceedings. *Brown v. Lemacks*, Civil Action No. 8:09-2160-CMC-BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ("The Supreme Court's ruling in *Heck* also applies to probation and parole violation proceedings."), *adopted by* 2010 WL 2179490 (D.S.C. May 27, 2010). Although Community Supervision is not "parole," supervision of released prisoners on community supervision is similar to that of prisoners released on parole. S.C. Code Ann. § 24-21-560 (C)–(E).

The United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has held that *Heck* applies to § 1983 claims seeking damages for alleged constitutional violations involving parole proceedings. *See Husketh v. Sills*, No. 02-6261, 34 Fed.Appx. 104, 104 n. 2, 2002 WL 924288 (4th Cir. May 8, 2002) (collecting cases holding that actions challenging validity of parole proceedings call into question fact of confinement and thus must satisfy the *Heck* holding); *see also Curtis v. Ozmit*, Civil Action No. 3:10-3053-CMC-JRM, 2011 WL 635302, at *5 (D.S.C. Jan. 5, 2011) (applying *Heck* to denial of parole), *adopted by* 2011 WL 601259 (D.S.C. Feb. 11, 2011). This Court has

5

applied *Heck v. Humphrey* in Section 1983 actions pertaining to community supervision. *See Craig v. South Carolina Dept. of Correctional*, Civil Action No. 2:12-1164-CMC-BHH, 2012 WL 3134341, at *8 (D.S.C. July 10, 2012) ("In the instant action, Plaintiff clearly alleges the invalidity of his continued, current 'custody,' although in this instance, the challenged custody is Plaintiff's required participation in the community supervision program."), *adopted by* 2012 WL 3136498 (D.S.C. Aug. 1, 2012). Moreover, as noted in *Craig*, Plaintiff must exhaust his state court remedies with respect to his community supervision before seeking federal habeas corpus relief. *Craig*, 2012 WL 3134341, at *6–7. Plaintiff's state court remedies would include remedies available pursuant to the decision of the Supreme Court of South Carolina in *State v. McGrier*, 663 S.E.2d at 19–21.

The South Carolina Department of Probation, Parole & Pardon Services is entitled to summary dismissal because of Eleventh Amendment immunity. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

## RECOMMENDATION

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

October 4, 2013  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).